UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MCGRAW HILL, INC., et als.,**
Plaintiffs

v.                                                                          CIVIL NO. 04-1927(DRD)

**FELIX SANTIAGO MARDONADO, et als.,**
Defendants

### ORDER

Pending before the Court is defendants Felix Santiago Maldonado and Nilda Ivette Vazquez ("defendants")'s *Motion to Set Aside Entry of Default*. (Docket No. 23). For the following reasons, defendants' motion is **GRANTED**.

A motion to set aside entry of default under Fed.R.Civ.P. 55(c) lies within the sound discretion of federal district courts guided by the frontier principle of "good cause". *See* Coyante v. Puerto Rico Ports Authority, 105 F.3d 17, 23 (1st Cir. 1997); F.D.I.C. v. Francisco Inv. Corp., 873 F.2d 474, 478 (1st Cir. 1989); Coon v. Grenier, 867 F.2d 73, 75 (1st Cir. 1989); United States v. One Urban Lot, 865 F.2d 73, 75 (1st Cir. 1989); Smith and Wesson v. United States, 782 F.2d 1074, 1083 (1st Cir. 1986). "Allowing entry of default to be set aside on a showing of reasonable justification is in keeping both with the philosophy that actions should ordinarily be resolved on the merits [citations omitted], and with the command of the Civil Rules themselves." Id. *See also* Ortiz Anglada v. Ortiz Perez, 183 F.3d 65, 66 (1st Cir. 1999); Zavala Santiago v. gonzalez Rivera, 553 F.2d 710, 712 (1st Cir. 1977); Affanato v. Merill Bros., 547 F.2d 138 (1st Cir. 1977); Richman v. General Motors Corp., 437 F.2d 196, 199 (1st Cir. 1987). **"Early in the case, as when a default has been entered but no judgment proven, a liberal approach is least likely to cause unfair prejudice to the nonmovant or to discomode the court's calendar."** Id. (Emphasis added). Consequently, all doubts should be resolved in favor of the party seeking relief from the entry of default, although each case, of course, must turn on its own circumstances. Id. *See also* V7 Engineering and Construction Co., Inc., 819 F.2d 331 (1st Cir. 1987). Moreover, the matter is to be examined under a "liberal standard [...] resolv[ing] doubts in favor of a party seeking relief from entry of default" because there is a "philosophy that actions should ordinarily be resolved on their merits" as opposed to by procedural default. *See* Coon, 867 f.2d at 76. However, our discretion as a trial court is not unbound or limitless, and "not so elastic as to be devoid of substance." Id.; *see also* Klapprott v. U.S., 335 U.S. 601, 609 S.Ct. 384 (1949). Thus, entry of default should be set aside only upon a showing of "reasonable justification." Id.

In determining whether to set aside an entry of default, the district court must examine the "quantum" and the "quality" of defendant's "cause" to see if it is "good." Id. The court examines "whether the default was willful, whether setting it aside would prejudice the adversary and whether a meritorious defense is presented. Coon, 867 F.2d at 76 (*citing* Untied States v. One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir. 1985)). Furthermore, other criteria may also be examined, such as if "the proffered explanation for the default, the good faith of the parties, the amount of money

involved, and the timing of the motion." Id. (*citing* Phillips v. Weiner, 103 F.R.D. 177, 179 (D.Me. 1984)); *see also* F.D.I.C. v. Francisco Inv. Corp., 873 F.2d at 478; Bond Leather Co., Inc. v. Foreign Insurance Association, 575 F.2d 980 (1st Cir. 1978); 10 CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, Vol. 10 §§ 2693, and 2696. The court is required to examine the matter in a "practical, common sense manner." General Contracting Trading Co. v. Interpole, 899 F.2d 109, 112 (1st Cir. 1990). In evaluating whether the opposing party will suffer prejudice, courts must not focus on mere delay, rather, on its accompanying dangers: loss of evidence, increased difficulty in discovery, or an enhanced opportunity for fraud or collusion. *See* F.D.I.C., 873 F.2d at 479.

In the instant case, defendants have shown that the default incurred was not willful. Counsel for appearing defendants explained that the parties failure to file a responsive pleading was the result of previous counsel of record not having received notice of the filing of plaintiffs' motion for entry of default and motion requesting an award for statutory damages. This explanation is certainly reasonable, particularly given the fact that counsel for defendants had previously appeared jointly with plaintiffs in the filing of a consented preliminary injunctive decree (Docket No. 11), thus demonstrating an interest in litigating this case. Also, defendants quickly responded to the entry of default by filing both an answer to the complaint and the instant motion. (Docket Nos. 22, and 23, respectively). Therefore, the Court finds that defendants' proffered reasonable justifications for their failure to respond. Furthermore, plaintiffs have not offered any evidence that may move the Court to conclude that they would be prejudiced by the setting aside of default (no loss of testimonial or declaratory evidence proffered). Finally, the Court has analyzed plaintiffs' complaint and defendants tendered answer and finds proferred meritorious defenses further warranting the setting aside of the entry of default against defendants.

Accordingly, examining the criteria under a "liberal approach" and considering the First Circuits' stated policy that "actions should ordinarily be resolved on their merits," Coon, 867 F.2d at 75, the Court **GRANTS** defendants' motion to set aside default (Docket No. 23), **SETS ASIDE** the default entered against defendants and accepts their tendered Answer to the Complaint (Docket No. 22), **RENDERS MOOT** plaintiffs' motion for extension of time to oppose defendants' motion to set aside default (Docket No. 25), and **DENIES** plaintiffs' *Motion Requesting Award of Statutory Damages Pursuant to 17 U.S.C. § 504 (c) and Request for Waiver of Hearing* (Docket No. 18).

**IT IS SO ORDERED.**

Date: May 25, 2005

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**